IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:12-CV-06062-DGK |
| | ) | |
| FEDERAL HOME LOAN | ) | |
| MORTGAGE CORP., | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

This dispute arises from the non-judicial foreclosure sale of Plaintiff Christopher Barnes' residence. Barnes alleges the foreclosure sale was void because Defendants Federal Home Loan Mortgage ("Freddie Mac") and Wells Fargo Bank, N.A. ("Wells Fargo") did not own or physically possess the promissory note at the time of the sale and, therefore, lacked the right to foreclose or appoint a trustee for the sale. Plaintiff has sued Defendants[1] for wrongful foreclosure, violation of the Missouri Merchandising Practices Act, and quiet title.

Now before the Court is Defendants' Motion to Dismiss Complaint (Doc. 9). Because Plaintiff has failed to allege facts or legal theories which support his request for relief, the motion is GRANTED.

**Standard of Review**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

---

[1] Plaintiff initially named Kozeny & McCubbin, L.C., ("Kozeny") the purported successor trustee, as a defendant as well. Plaintiff voluntarily dismissed Kozeny on August 9, 2012.

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Factual Background**

For purposes of resolving the pending motion, the relevant factual allegations in the Complaint can be summarized as follows. Legal assertions have been omitted.[2]

On or about April 26, 2006, Plaintiff Christopher Barnes ("Barnes") executed a promissory note ("the Note") with lender Edward Jones Mortgage, LLC. The Note was secured by a deed of trust ("Deed of Trust") on Barnes' residence ("the Property") located at 7504 Tower Drive, Platte Woods, in Platte County, Missouri. The Deed of Trust provided that the trustee[3] may invoke the power of sale and sell the Property to the highest bidder under the conditions set

---

[2] For example, among other things the Complaint alleges, "The appointment [of Kozeny & McCubbin as successor trustee] is null and void because [Wells Fargo] was not the owner of the note at the time of the Appointment" (Pet. at ¶ 25). This is a legal conclusion, not a statement of fact.

[3] The Complaint does not state who the original trustee was. This information is not important because nothing in the record suggests the original trustee had anything to do with the foreclosure at issue here.

forth in the document. The Deed of Trust was recorded in the Platte County Recorder of Deeds on April 26, 2006.

The Note was subsequently securitized and eventually sold to Wells Fargo. The Note was never "expressly endorsed," that is, specially endorsed,[4] in favor of Wells Fargo or Freddie Mac.

On or about October 8, 2010, Jerry Morgan of Wells Fargo signed a document titled "Appointment of Successor Trustee" ("Appointment"). The document stated that Wells Fargo was "the owner and holder of the note described and secured by the Deed of Trust." The Appointment also named Kozeny & McCubbin, L.C. ("Kozeny") as successor trustee for the Deed of Trust.

A non-judicial foreclosure sale took place on March 29, 2012. Kozeny acted as the successor trustee at the sale. At the time of the sale, Freddie Mac did not have physical possession of the Note. Freddie Mac bought the Property at the sale for $165,000. A successor trustee's deed under foreclosure dated April 19, 2012 was recorded on April 23, 2012 in the Platte County Recorder of Deeds.

Barnes contends he does not owe money to Wells Fargo or Freddie Mac.

## Discussion

### I. The Complaint fails to state a claim for wrongful foreclosure.

Counts I and II allege wrongful foreclosure. Count I seeks equitable relief and asks the Court to set aside the successor trustee's deed and the foreclosure sale. Count II alleges a tort for wrongful foreclosure and seeks monetary damages. A plaintiff bringing a claim for damages for wrongful foreclosure must plead three elements: (1) the commencement of a foreclosure by sale

---

[4] The Court assumes that by "expressly endorsed" Plaintiff means specially endorsed. A special endorsement specifies the person to whom the instrument is payable. Mo. Rev. Stat. § 400.3-205(a). If an endorsement is not a special endorsement, it is a "blank" endorsement and becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. Mo. Rev. Stat. § 400.3-205(b).

(as distinguished from judicial action) of a deed of trust; (2) at the time the foreclosure proceeding was begun, there was no default on the defendant's part that would give rise to a right to foreclose; and (3) so that the foreclosure is void. *See Dobson v. Mortg. Elec. Registration Sys, Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). If the plaintiff was in default he cannot bring a tort for wrongful foreclosure, but he could still have an action in equity. *Id.* "If the mortgagee did have the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set the sale aside." *Id.* The Complaint here fails to state a claim for either cause of action.

Construed in the light most favorable to the Plaintiff, the Complaint alleges that Defendants did not have a right to foreclose because: (1) neither Defendant had "physical possession of the Note" at the time of the foreclosure sale (Compl.[5] at ¶¶ 12-13); (2) neither Defendant owned or held title to the Note (Compl. at ¶¶ 10-11, 14-15); and (3) Plaintiff did not owe Defendants any money, thus he was not in default (Compl. at ¶¶ 26-27). In his equitable claim, Plaintiff alleges the foreclose sale was void and should be set aside because Wells Fargo was not the owner of the Note and had no right to enforce the Note, thus it lacked authority to authorize the foreclosure sale and appoint Kozeny successor trustee to administer the sale (Compl. at ¶¶ 18-25, 41-43).

Before addressing these arguments, the Court considers whether Plaintiff has standing.

### A. Plaintiff has demonstrated standing.

Defendants contend Plaintiff lacks standing to challenge Defendants' interest in the Note or their ability to enforce the Deed of Trust. In Missouri, standing "requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or

---

[5] The Complaint is titled "Verified Petition for Wrongful Foreclosure, Quiet Title, Breach of Fiduciary Duty, and Violations of Missouri Merchandising Practices Act" and is ECF Doc. # 1-2.

actual injury." *E. Mo. Laborers Dist. Council v. St. Louis Cnty.*, 781 S.W.2d 43, 46 (Mo. 1989). If a party to the action lacks standing, the court may not hear the case. *Id.* Here, Plaintiff alleges he is the rightful owner of the Property because the foreclosure was unlawful and he has been prejudiced because he has lost his home. Thus, Plaintiff has standing to bring his claims and the Court may hear them. *Ball v. Bank of New York*, No. 4:12-CV-0144-NKL, 2012 WL 6645695, at *2 (W.D. Mo. Dec. 20, 2012) (holding homeowners raising analogous claims had Article III standing to sue); *see also Williams v. Kimes*, 996 S.W.2d 43 (Mo. 1999) (hearing dispute concerning whether purported foreclosure sale was void).

**B. Plaintiff's "physical possession" allegation fails to state a claim.**

Turning to Plaintiff's wrongful foreclosure theories, the Court finds no merit to Plaintiff's suggestion that Defendants lacked the right to foreclose on the Property because they did not physically possess the Note. First, the Deed of Trust did not require Defendants to hold physical possession of the Note in order to foreclose. In Missouri, the sale of a foreclosed property under a deed of trust is a matter of contract between the parties. *Belote v. McLaughlin*, 673 S.W.2d 27, 20 (Mo. 1984). Section 22 of the Deed of Trust[6] states the procedure for invoking a power of sale, and it does not contain any provision requiring physical possession of the Note.

Second, Missouri law does not require Defendants to have physical possession of the Note. Plaintiff argues that under Mo. Rev. Stat. § 400.3-301 "physical possession of a note is a statutory requirement for enforcement by a 'person with a right to enforce.'" Pl.'s Br. at 3. This is a misstatement of the law. The statute states,

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument

---

[6] The Complaint repeatedly refers to the Deed of Trust (Compl. at ¶¶ 17-21). In ruling on the pending motion, the Court may consider provisions in the Deed of Trust (Doc. 22-1) both because it is part of the public record and because it is material necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

5

> who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3-3.09 or 400.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Mo. Rev. Stat. § 400.3-301. While the statute anticipates there will be instances where a foreclosing party will possess the note (e.g., under subsection (ii) where the foreclosing party is a nonholder who has the rights of a holder), the statute contains no requirement that a person must *physically* possess the Note in order to enforce it.

Plaintiff attempts to plead some variation of the widely discredited "show me the note" theory which posits that only the possessor of an original wet-ink signature promissory note has the power to initiate a non-judicial foreclosure. *Hobson v. Wells Fargo Home Mortg.*, No. 2:11-cv-010-AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011) (describing theory and rejecting it); *see also Jerde v. JPMorgan Chase Bank, N.A.*, No. 12-1462, 2013 WL 978403, at *1 (8th Cir. March 14, 2013) (rejecting a "show me the note theory" brought under Minnesota law, observing the case was "yet another in a long line of lawsuits brought by homeowners who have defaulted on their mortgages but claim that the entities asserting legal title to their mortgages do not have the authority to foreclose"); *but see Ball*, 2012 WL 6645695, at *3 (suggesting Missouri law requires possession of the note in some circumstances). But Missouri law contains no requirement that a note be physically present at the time of the foreclosure sale, that the successor trustee (or any other party) possess the original note to show it to the borrower at any particular time, or that the location of the note be disclosed to the borrower after he has executed it.

6

Even if this case involved some special circumstance where the Deed of Trust or Missouri law required Defendants to physically possess the Note, the Complaint here fails to plead such facts. The entire allegation concerning Plaintiff's "physical possession" theory is that "[a]t the time of the foreclosure sale on March 29, 2012, [Defendants] did not have physical possession of the Note" (Compl. at ¶¶ 12-13). The Complaint does not allege facts from which the Court could find this case was a special situation. Nor does the Complaint identify what provision of the Deed of Trust or Missouri law Defendants violated by foreclosing without physical possession. Consequently, Plaintiff has failed to provide the grounds of his entitlement to relief and this portion of the Complaint must be dismissed. *Benton*, 524 F.3d at 870.

### C. Plaintiff's "ownership or title" allegation fails to state a claim.

Plaintiff also contends that since the Note was not specifically endorsed in either Defendants' favor, neither Defendant owned or held title to the Note and so could not foreclose on the Property (Compl. at ¶¶ 10-11, 14-15). There is no merit to this argument. Under Missouri's enactment of U.C.C. Article 3, the Note is a negotiable instrument, thus § 400.3-301 governs who may enforce it and foreclose on the Property. *Offield v. Fed. Nat. Mortg. Ass'n*, No. 4:11-0841-CV-BP, slip. op. at 2-3 (W.D. Mo. March 14, 2013) (holding plaintiff's mortgage note a negotiable instrument governed by Mo. Rev. Stat. § 400.3-301); *White v. Fed. Home Loan Mortg. Corp.*, No. 4:12-0452-CV-DW, slip. op. at 5 (W.D. Mo. Feb. 12, 2013) (holding that under Missouri law mortgage notes are negotiable instruments governed by U.C.C. Article 3); *In re Washington*, 468 B.R. 846, 853 (Bankr. W.D. Mo. 2011) (holding that a note is a negotiable instrument under the U.C.C. and under Missouri law a party need not own a note to enforce it); *In re Box*, No. 10-20086, 2010 WL 2228289 (Bankr. W.D. Mo. June 3, 2010) (applying Mo. Rev. Stat. § 400.3-301 and determining the holder of a promissory note is entitled to enforce it

through foreclosure); *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477, 504 (Mo. App. 2010) (noting mortgage notes fall under Missouri's enactment of U.C.C. Article 3).

Under Missouri law, a special endorsement is not necessary to enforce a negotiable instrument. Although Plaintiff has cited a number of cases, none of them state that the holder of a note that has been endorsed in blank is forbidden from enforcing the note through the foreclosure process. On the contrary, Mo. Rev. Stat. § 400.3-301 recognizes that the holder of a note endorsed in blank can enforce it. Accordingly, this portion of the Complaint fails to state a claim.

### D. Plaintiff failed to properly plead he was not in default.

Plaintiff has also failed to properly plead that he was not in default at the time of the foreclosure. As discussed above, a party bringing a wrongful foreclosure action for damages must plead, among other things, that at the time of foreclosure he was not in default on the note. *Sloss v. Gerstner*, 98 S.W.3d 893, 895-97 (Mo. Ct. App. 2003). This is not a difficult element to plead. A plaintiff could establish it by stating that he made all scheduled payments when due, or otherwise summarize the facts showing lack of default.

Here Plaintiff's Complaint states,

26. Plaintiff does not owe money to [Wells Fargo] or Freddie Mac.

27. Because Plaintiff does not owe money to [Wells Fargo] or Freddie Mac, Plaintiff is not in default on his note.

(Compl. at ¶¶ 26-27). As a threshold matter, these statements taken together are legal conclusions. Furthermore, even if the Court accepted as true that Plaintiff did not owe any money to Defendants, that would not justify the inference that Plaintiff was not in default. The question here is whether at the time of foreclosure Plaintiff was in default *on the Note*, not whether he owed money to Wells Fargo or Freddie Mac. If he was in default on the Note, then

he cannot pursue a wrongful foreclosure claim for damages. Since Plaintiff has failed to plead sufficient facts to plausibly allege he was not in default on the Note, his wrongful foreclosure claim for damages (Count II) must be dismissed.

### E. Plaintiff's "improper trustee appointment" allegation fails to state a claim.

Finally, as a corollary to the above analysis in sections B, C, and D, the Court holds there is no merit to Plaintiff's claim that the foreclosure sale was void because Wells Fargo lacked the power to appoint Kozeny as trustee (Compl. at ¶¶ 18-25, 41-43). As discussed above, Plaintiff's theory that Wells Fargo had no right to enforce the Note flies in the face of well-established Missouri law. The Note is negotiable instrument which Wells Fargo could enforce pursuant to Mo. Rev. Stat. § 400.3-301. Under Missouri law "a party entitled to enforce a note is also entitled to enforce the deed of trust securing the note." *Washington*, 468 B.R. at 853.

In the present case, if Wells Fargo was entitled to enforce the Note then it was entitled to enforce the Deed of Trust. Under the Deed of Trust, Wells Fargo possessed the power to call the foreclosure sale and appoint Kozeny as the trustee. Thus, the foreclosure sale administered by Kozeny as trustee was not void.

Because Plaintiff has failed to plead facts from which the Court can reasonably infer that Defendants lacked a right to foreclose or that the foreclosure sale was otherwise void, all of Plaintiff's claims for wrongful foreclosure, Counts I and II, are dismissed.

## II. Plaintiff's quiet title claim fails to request relief which the Court can possibly grant.

Count III is a claim to quiet title to the Property. Plaintiff asks the Court to quiet title in his favor against Defendants and hold that "Plaintiff's rights and interests in the Property supersede that of defendant Freddie Mac, as defendant has no right or claim to the Property" (Compl. at ¶ 55). His prayer for relief requests the Court enter an order determining all "rights,

9

claims, interest, liens and demands" concerning the Property between the parties in Plaintiff's favor (Compl. at p. 10). Elsewhere in the Complaint, however, Plaintiff acknowledges that he signed the Note, that repayment of the Note is secured by the Deed of Trust, and that the Deed of Trust authorizes the Trustee to conduct a foreclosure sale under certain conditions. Compl. at ¶¶ 8, 16, 18. The Complaint further acknowledges that Freddie Mac purchased the Property for $165,000 at the foreclosure sale.

These factual allegations preclude the Court from granting the relief requested. By signing the Deed of Trust, Plaintiff created a lien on the Property which remained until it was extinguished by the foreclosure sale. If the Court grants Plaintiff's request and sets aside this sale, the lien created by the Deed of Trust will still remain. There will also be an equitable lien on the Property. Under Missouri law, when a foreclosure sale is set aside an equitable lien is created in favor of the winning bidder in the amount of the winning bid. *Williams v. Kime*s, 25 S.W.3d 150, 154, 156 (Mo. 2000). Here, Freddie Mac submitted a winning bid of $165,000. If the foreclosure sale is set aside Freddie Mac will have an equitable lien against the Property for $165,000. Thus, even if the Court set aside the foreclosure sale, Plaintiff would not have title Property free and clear as he requests. There would still be the lien created by the Deed of Trust and Freddie Mac's equitable lien of $165,000.

Although it is within the Court's power to grant Plaintiff title to the Property free and clear of any liens, Plaintiff has failed to plead any factual allegations which would justify the Court doing so. Accordingly, Count III is dismissed for failure to state a claim.

**III.    The Complaint fails to state an MMPA violation.**

In Count V, Plaintiff alleges Defendants violated the Missouri Merchandising Practices Act ("MMPA") by using deception to conceal: (1) Wells Fargo's absence of right to enforce the

Note at a foreclosure sale; and (2) the true identity of the real party-in-interest seeking to foreclose on the Note. This concealment injured Plaintiff by depriving him of the opportunity to assert his rights or identify legal defenses (Compl. at ¶¶ 68-73).

The MMPA prohibits the use of any "unfair practice . . . or the concealment . . . of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. . . whether committed before, during or after the sale, advertisement or solicitation." Mo. Rev. Stat. § 407.020.1. It provides that,

> Any person who purchases or leases merchandise primarily for
> personal, family or household purposes and thereby suffers an
> ascertainable loss of money or property, real or personal, as a
> result of the use or employment by another person of a method, act
> or practice declared unlawful by section 407.020, may bring a
> private civil action in either the circuit court of the county in which
> the seller or lessor resides or in which the transaction complained
> of took place, to recover actual damages.

Mo. Rev. Stat. § 407.025.1. To prevail on an MMPA claim, a plaintiff must demonstrate that he (1) purchased or leased merchandise; (2) primarily for personal, family or household purposes; and (3) thereby suffered an ascertainable loss of money or property, real or personal; (4) as a result of the defendant's use of one of the methods or practices declared unlawful by Section 407.020. *Id.*; *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008). An MMPA claim may not be brought against a third-party that was not part of the initial transaction. *State ex. rel. Koster v. Portfolio Recovery Assocs., LLC*, 351 S.W.3d 661, 668 (Mo. Ct. App. 2011).

Defendants argue that this claim fails as a matter of law because Plaintiff cannot satisfy the first element, that he purchased or leased anything from Defendants. Defendants argue that servicing a loan is not actionable under the MMPA. *Shadid v. Litton Loan Servicing, L.P.*, No. 4:07CV1300 HEA, 2008 U.S. Dist. Lexis 5765 (E.D. Mo. Jan. 25, 2008). Thus a subsequent assignment of a promissory note to a third-party defendant which creates a servicing relationship

between the plaintiff and the third-party (such as when the defendant collects mortgage payments from the plaintiff) cannot be actionable either.

The Court agrees. While the exact reach of the MMPA with respect to loans and financial products is still unclear,[7] as pled in the Complaint, Defendants are complete strangers to the initial loan transaction here and so cannot be liable. Plaintiff cannot create a claim by arguing that the relevant transaction is not the initial loan, but rather is Defendants' subsequent actions collecting (or attempting to collect) Plaintiff's mortgage payments and instructing Kozeny to foreclose. As the *Ball* court notes, payments made to a subsequent owner or holder of a promissory note "cannot reasonably be viewed as separate transactions under the [MMPA] because they are conditions bargained for in the Plaintiffs' original creation of the mortgage note—a transaction to which these Defendants were strangers." *Ball*, 2012 WL 6645695, at *6.

Accordingly, Count V is also dismissed.

## Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss (Doc. 9) is GRANTED. All counts are dismissed against the Defendants.

**IT IS SO ORDERED.**

Date:   March 28, 2013                              /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[7] *Compare Huffman v. Credit Union of Texas*, 2011 WL 5008309, at *6 (W.D. Mo. Oct. 20, 2011) (holding defendant who was a party to a car financing transaction through its agent could be liable under the MMPA for material omissions at the time the agent made the loan, pre-sale notifications, and misleading communications) *with Ball*, 2012 WL 6645695, at *5-6 (holding defendants who had various roles in loan securitization not liable).